UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEON COLE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC;<br>AMAZONFRESH LLC; and DOES 1 through<br>20, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-01147-TL<br><br>**PLAINTIFF'S OPPOSITION TO<br>DEFENDANTS' MOTION TO DISMISS<br>THE AMENDED COMPLAINT**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br>January 10, 2025 |

## I.　　FACTS

On September 26, 2024, Plaintiff filed the operative Amended Complaint, alleging claims for negligence, outrage, breach of contract, and invasion of privacy. *See generally Amended Complaint*. On April 20, 2022, Deon Cole ordered various groceries on his Amazon Fresh cell phone application. On April 20, 2022, an Amazonfresh, LLC employee rang Mr. Cole's doorbell. When Mr. Cole answered the door, the delivery person was there with Mr. Cole's ordered items. The driver informed Mr. Cole that he needed to see his identification to complete the delivery despite the fact that Mr. Cole did not order any items requiring the recipient to be of a certain age. *Id*.¶¶ 4.1-4.3.

Mr. Cole left his front door partially open as he went to retrieve his driver's license. Upon turning around to return to the front door, Mr. Cole observed the driver taking unauthorized photos of the inside of his home from the doorstep. Once Mr. Cole realized that the delivery person was taking

Plaintiff's Opposition to Defendants' Motion to Dismiss
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.

photos, he used his phone to video record the interaction with the delivery person. Mr. Cole confronted the delivery person and repeatedly demanded that he stop taking photos and delete any saved photos from the delivery person's device. *Id*.¶¶ 4.4-4.7.

The delivery driver initially denied that there were any photographs taken, but Mr. Cole informed him that he saw the photo on the screen of the delivery person's device. Mr. Cole and the delivery person exchanged several words before the employee finally agreed to delete the photos from his mobile device and did so in front of Mr. Cole. *Id*.¶¶ 4.8-4.9.

Shortly after the delivery person left the premises, Mr. Cole recalled feeling highly offended, violated, and concerned about the safety of his home. Mr. Cole took a few minutes to calm down from the interaction with the delivery person and then watched the video recording on his phone. The recording showed the delivery person's phone screen and a group chat in which photos of Mr. Cole's house were shared. After initially discovering the driver's actions, Mr. Cole was under the impression that the delivery person had only taken unauthorized photos of his home. He did not realize that the photos were also shared with an unidentified group of people in a group chat. *Id*.¶¶ 4.10-4.12.

Within hours of the interaction, Mr. Cole contacted Amazon customer service to report the incident and his concern for his privacy and safety. Mr. Cole inquired as to whether a recipient's identification was required for the delivery of non-alcoholic beverages, the company's standard practice for taking photos of delivered products, and the format in which such photos are sent or submitted for record keeping. In responding, Amazon's associates confirmed: 1. all beverage deliveries, including non-alcoholic beverages required a recipient of at least 21-years-old, 2. photos are only taken when delivery packages are left unattended and should only capture the placement of the package, and 3. photographs are never sent to an individual person within the company, rather they are uploaded to an application to notify customers of the location of their packages after delivery when left unattended. *Id*.¶¶ 4.13-4.14.

The incident, in conjunction with the company's response, has left Mr. Cole troubled and in constant distress over his safety while in the privacy of his home. Mr. Cole had multiple therapy sessions to address his concerns for his safety. Mr. Cole's level of distress was heightened because of his well-known celebrity status as an actor and comedian, and because Mr. Cole did not know the

2

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                                                 Justin L. Ward, Esq.
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

intentions of the driver or the people with whom he shared the photos. The driver may have intended to show a celebrity's home or to show what they could unlawfully take from the property. Therefore, Mr. Cole had a reasonable fear that he may be a target of a future home invasion. Mr. Cole values his privacy and considers this incident highly offensive and a direct violation of his reasonable expectation of privacy in his home. *Id*.¶¶ 4.15-4.16.

As a result of the driver's actions, Mr. Cole purchased a new home security system, including additional cameras and alarm sensors. Mr. Cole's fears were realized when there was an attempted burglary at his residence on October 28, 2023. Luckily, the attempt ended when Mr. Cole's security system was activated. As of the date of the filing of this complaint, no arrests have been made. *Id*.¶¶4.18-4.19.

Defendants Amazon and Fresh hired the delivery driver to have him deliver items to its customers, the overwhelming majority of which have deliveries made to customers' private residences. On information and belief, Defendants failed to conduct any criminal background check or any reference check in making the determination to hire the driver involved with Mr. Cole's delivery. On information and belief, Defendants did not train its drivers on reasonable and unreasonable behavior during deliveries and had no policies or procedures in place for its delivery drivers regarding their actions when making deliveries. By not performing a proper background check and employing the driver who made the delivery to Mr. Cole's residence, Defendants approved, aided and abetted, adopted, and ratified his unlawful conduct. *Id*.¶¶ 4.20-4.23.

The acts and omissions of Defendants complained of herein have caused Mr. Cole ongoing severe emotional distress. Mr. Cole has suffered, and continues to suffer, emotional distress. *Id*.¶¶ 4.24-4.25.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. Rules Civ. Proc. rule 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." [*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir.

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                                                                     Justin L. Ward, Esq.
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

2003) (quotation marks omitted)].

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." [*Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991)]. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007))]. Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. [*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted)]. "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotations omitted).

## III. ARGUMENT

### A. Plaintiff States a Valid Claim for Negligence

#### 1. The Amazon employee acted outside the scope of his employment

When the Amazon driver took photos of the entryway of Plaintiff's residence, he acted outside the scope of his employment because there was no business reason for taking the photographs. There was no valid reason for him to take the photographs. This was furthered by his initial denial that he took photographs. *Amended Complaint* ¶4.8.

Defendants' Motion to Dismiss alleges that Plaintiff pleads himself out of any negligent hiring, training, or supervision claim because of the words "At all relevant times herein the driver" acted "*while*

**Plaintiff's Opposition to Defendants' Motion to Dismiss**
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.

*in the course and scope of his employment* for [Amazon]." *Id.* ¶ 5.4. This is a play on words. Defendant was working at all times when he interacted with Plaintiff. However, some of his actions, ie the taking of photographs, were outside the scope of his employment.

If the court is inclined to agree with Defendant, Plaintiff can amend the Amended Complaint to state facts which more specifically demonstrate Defendants' negligence.

   2. Amazon knew or should have known of the driver's unfitness.

Plaintiff's Amended Complaint states, "On information and belief, Defendants did not train [their] drivers on reasonable and unreasonable behavior during deliveries and had no policies or procedures in place for its delivery drivers regarding their actions when making deliveries. By not performing a proper background check and employing the driver who made the delivery to Mr. Cole's residence, Defendants approved, aided and abetted, adopted, and ratified his unlawful conduct." *Id.* ¶¶4.21-4.22. According to the complaint, the alleged failure by Amazon allowed and/or caused the driver's conduct.

If the court is inclined to agree with Defendant, Plaintiff can amend the Amended Complaint to state facts which more specifically demonstrate that Defendants knew or should have known about the driver's unfitness.

  B. Plaintiff States a Valid Claim for Outrage

Defendants' opinion that the driver's conduct was not sufficiently outrageous is not the standard by which this court must base its decision. As Defendants accurately state in their Motion, alleged conduct supporting a tort of outrage must be, "So outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community", *Bao Xuyen* Le, 2019 WL 2248104, at *2.

Plaintiff's Amended Complaint states that the driver took multiple photographs of the inside of his home and then texted them to other people. *Am. Compl.* ¶¶4.21-4.22. Any reasonable person in Plaintiff's position would find that action highly offensive and intolerable. Further, any reasonable celebrity would be highly offended. Plaintiff did not invite the driver into his home, nor did he ever consent to the driver taking photographs.

Plaintiff's *Amended Complaint* also states, "The incident, in conjunction with the company's

**Plaintiff's Opposition to Defendants' Motion to Dismiss**
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.

response, has left Mr. Cole troubled and in constant distress over his safety while in the privacy of his home. Mr. Cole had multiple therapy sessions to address his concerns for his safety. Mr. Cole's level of distress was heightened because of his well-known celebrity status as an actor and comedian, and because Mr. Cole did not know the intentions of the driver or the people with whom he shared the photos. The driver may have intended to show a celebrity's home or to show what they could unlawfully take from the property. Therefore, Mr. Cole had a reasonable fear that he may be a target of a future home invasion. Mr. Cole values his privacy and considers this incident highly offensive and a direct violation of his reasonable expectation of privacy in his home. As a result of the driver's actions, Mr. Cole purchased a new home security system, including additional cameras and alarm sensors. *Id*. ¶¶4.15-4.18.

Plaintiff's *Amended Complaint* further states, "The acts and omissions of Defendants complained of herein have caused Mr. Cole ongoing severe emotional distress. Mr. Cole has suffered, and continues to suffer, emotional distress. *Id*. ¶¶4.24-4.25 "As a further proximate result of the intentional acts of defendants, Plaintiff has been damaged in that he has been required to expend money and incur obligations for medical services and medications reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result of the negligence of defendants, Plaintiff will continue to incur medical and related expenses." *Id*. ¶¶4.24-4.25

The paragraphs from the Amended Complaint quoted above provide enough specificity for the Defendants to understand the harm alleged and the facts that caused the alleged harm. The harm of outrage is highly plausible based on the information provided. However, if the Court agrees with Defendants, then Plaintiff can amend the Amended Complaint to provide additional facts and/or more specificity, including the fact that Plaintiff saw a therapist after this incident to discuss the anxiety and other emotional distress he suffered as a result of the driver's actions.

### C. Plaintiff States a Valid Claim for Invasion of Privacy

#### 1. The driver's conduct was highly offensive to a reasonable person.

Plaintiff's claim for Invasion of Privacy is due to Defendants' driver taking photographs of the inside of Plaintiff's home, not the outside. The inside of Plaintiff's home was not made available to the public. The case cited by Defendants as authority, *Mark v. Seattle Times*, 96 Wn.2d 473, 499 (1981),

Plaintiff's Opposition to Defendants' Motion to Dismiss
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.

refs to the exterior and interior of a pharmacy, which is a business open to the public. Plaintiff's home was not open to the public.

Additionally, Defendants' motion fails to mention that the photographs were not part of the driver's duties. Further, Plaintiff is 52 years old and was 50 at the time of the incident. There was no way the Amazon driver thought he was under 21 years of age. Further, Plaintiff is a well-known celebrity playing roles of characters who no reasonable person would believe are under 21 years of age. Based on the driver's actions, it appears that his request for Plaintiff to obtain his identification was done intentionally to allow the driver to take unauthorized photographs of Plaintiff in his home while Plaintiff's back was turned.

Finally, the actions of the driver after Plaintiff saw him taking the unauthorized photographs, as stated in the complaint, demonstrate that the driver was aware his actions were inappropriate. That's why he lied about taking the photographs and then deleted them when told to do so.

### 2. Publication of private information is alleged

Plaintiff's *Amended Complaint* states, "Mr. Cole took a few minutes to calm down from the interaction with the delivery person and then watched the video recording on his phone. The recording showed the delivery person's phone screen and a group chat in which photos of Mr. Cole's house were shared. After initially discovering the driver's actions, Mr. Cole was under the impression that the delivery person had only taken unauthorized photos of his home. He did not realize that the photos were also shared with an unidentified group of people in a group chat." *Id*. ¶¶4.11-4.12.

Sharing photographs with a chatgroup would constitute publication. Plaintiff does not know how many people were part of the group chat, but Plaintiff's complaint does state that it was a group. That is information that would likely have to be obtained in discovery. Plaintiff could amend his Amended Complaint to add more facts if the court feels it is necessary.

### D. Plaintiff States a Valid Claim for Breach of Contract

Plaintiff's Amended Complaint does state a claim for breach of contract; however, the Amended Complaint does fail to mention the Amazon.com Conditions of Use ("COUs") as the contract and/or contractual terms. While it is obvious that Defendant is aware of the contract to which Plaintiff refers as evidenced by its citing of the COUs in its Motion to Dismiss, Plaintiff recognizes his failure to

**Plaintiff's Opposition to Defendants' Motion to Dismiss**
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.

include the necessary language regarding the COUs as the applicable contract. As such, Plaintiff requests leave to amend his Amended Complaint to include the COUs that Plaintiff believes were breached.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. For the causes of action in which the court believes Defendant's Motion should be granted, Plaintiff requests leave to amend.

DATED: December 6, 2024

THE WARD FIRM
Attorneys for Plaintiff Deon Cole

By *s/ Justin L. Ward (pro hac vice)*
    Justin L. Ward, CSBA # 225363
    2121 Natomas Crossing Dr, Ste 200-389,
    Sacramento, CA 95834
    Telephone: 916-443-2474
    Email: thewardfirmca@gmail.com

By *s/ John Du Wors*
    John Du Wors, WSBA# 33987
    Du Wors Ingels
    4162 Sorrel Way NE,
    Bainbridge Is, WA 98110
    Office: (206) 229-9082
    Email: john@duworslaw.com

Plaintiff's Opposition to Defendants' Motion to Dismiss
*Deon Cole v. Amazon.com Services LLC, Amazonfresh LLC, and Does 1 through 20*
Case No.: 2:24-cv-01147-TL

Justin L. Ward, Esq.