UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEON COLE,

Plaintiff,

v.

AMAZON.COM SERVICES LLC et al.,

Defendants.

CASE NO. 2:24-cv-01147-TL

ORDER ON JURISDICTIONAL DISCOVERY

On May 3, 2024, Defendants removed this case to federal court on the basis of diversity jurisdiction. *See* Dkt. No. 1 (notice of removal) ¶¶ 8, 13. Plaintiff's Third Amended Complaint ("TAC"), which is presently the operative pleading in this case, names as Defendants Amazon.com Services LLC, AmazonFresh LLC (together, the "Amazon Defendants"), and 20 anonymous Doe Defendants. Dkt. No. 57 (TAC) at 1. In the TAC, Plaintiff asserts that, with respect to the Doe Defendants, "Plaintiff will amend this complaint to allege their true names and capacities when ascertained." *Id.* ¶ 2.4. Plaintiff asserts further that, "Whenever a defendant is the subject of any charging allegation by Plaintiff, it shall be deemed that the Defendants Does 1

through 20, inclusive, and each of them, are likewise subject to this charging allegation." *Id.* ¶ 2.5. Given the content of the pleading, it is apparent that the individual labeled "the delivery employee" (*see, e.g.*, *id.* ¶ 1.1) is one of the Doe Defendants whom Plaintiff eventually intends to identify and sue. Plaintiff confirms this in his opposition to Defendants' motion to dismiss, stating, "[t]he Amazon employee whose name Plaintiff does not yet have . . . will be added as a [D]oe once the name is obtained." Dkt. No. 59 at 9.

Four principles inform this Order. First, "[s]ubject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). Second, "If at any time before final judgment it *appears* that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Third, a district court "ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raise[] the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). And fourth, when considering a pleading, a court necessarily "draw[s] on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Here, given the allegations in the TAC, it appears highly likely that at least one Doe Defendant might be, like Plaintiff, a citizen of California. *See* Dkt. No. 57 ¶ 2.1. Common sense suggests that an employee who performs local deliveries in and around Los Angeles is domiciled in California. If a Doe Defendant is, in fact, a California citizen, then this Court does not have subject-matter jurisdiction over the case.

Therefore, given the Court's ongoing responsibility to police subject-matter jurisdiction, the Court has a duty to ascertain the citizenship of the Parties in this case. Jurisdictional "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of

jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

Therefore, for the reasons discussed in this Order, as well as the reasons explained at the August 13, 2026, hearing, it is hereby ORDERED:

(1) The Parties SHALL engage in limited jurisdictional discovery regarding the citizenship of the Doe Defendants.

(2) The Parties SHALL meet and confer and, **within ten (10) days** of this Order, jointly submit to the Court a proposed schedule for completing jurisdictional discovery and for briefing the issue.

Dated this 13th day of August 2026.

Tana Lin
United States District Judge